(No. 4291— )

PETER FULLER, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed November 13, 1951.*

POLLOCK AND ENNIS, Attorneys for Claimant.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

SCHUMAN, C. J.

Claimant filed his complaint for damages based on the contracting of tuberculosis, while employed at the Illinois Soldiers' and Sailors' Home at Quincy, Illinois.

The complaint charges that claimant contracted tuberculosis by drinking out of the same cup as used by an inmate, Dixon Motley, who worked with claimant during the years of 1944 through 1946. The records show that Dixon Motley was transferred to the Veterans Administration Hospital at Excelsior Springs with ac-

tive tuberculosis on July 9, 1946. Claimant charges the State negligently assigned him to work with an individual known to be suffering from tuberculosis, and negligently provided common drinking facilities for the claimant, and the known tuberculosis patient.

There is no charge in the complaint of a violation of any rule or regulation of the Industrial Commission made pursuant to the Health and Safety Act, or of a violation of a statute of this State intended for the protection of the health of employees. There is no evidence of any violations as above stated.

The evidence fails to show any knowledge on the part of the State that Dixon Motley was tubercular, and that the State knowingly required claimant to drink out of the same container as Motley. The proof shows that claimant was awarded Civil Service payments on the ground that his disease was service connected. However, to recover, claimant must establish negligence by showing that the State violated:

(1) a rule, or rules of the Industrial Commission made pursuant to the Health and Safety Act;

(2) a statute of this State intended for the protection of the health of employees. (*Ramsey* vs. *State*, 18 C.C.R. 174.)

Neither the complaint, nor the proof establish such negligence, and for this reason the claim must be denied.

Helen Woolley was employed to take and transcribe the evidence at the hearing before Commissioner Summers. Charges in the amount of $26.00 were incurred for these services, which charges are fair, reasonable and customary. An award is, therefore, entered in favor of Helen Woolley in the amount of $26.00, payable forthwith.

On the basis of the record before us, an award to claimant will have to be denied.